**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                           CRIMINAL ACTION NO. 1:09-cr-00275

ANTHONY JERROD DICKERSON,

                Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. On November 10, 2011, pursuant to a Standing Order entered on May 18, 2012, this case was designated to proceed under the Standard Procedure. (Document 44).

The Court has carefully reviewed the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSI from the Probation Office, and received and reviewed any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

At sentencing, this Court attributed to Defendant a total of 7.53 grams of cocaine base, which resulted in a base offense level of twenty-four (24). He received a three-level reduction for acceptance of responsibility, but no other sentencing guideline enhancements or reductions were applied. Defendant's criminal history points accounted for ten (10) points which resulted in a criminal history category V. With a total offense level of twenty-one (21) and a criminal history category of V, Defendant's original advisory guideline range was seventy to eighty-seven (70 to 87) months. However, this Court determined that the Guidelines' imposition of a disparity between cocaine base and powder cocaine was unjust and instead applied a 20 to 1 ratio. As a result, the Defendant's base offense level was reduced to eighteen (18). Given the three-level reduction for acceptance of responsibility, Defendant's total offense level became fifteen (15). The use of the alternate cocaine base/powder cocaine ratio provided for an advisory guideline range of thirty- seven to forty-six (37 to 46) months. Upon consideration of this range, the Court varied downward to impose a term of imprisonment of forty (40) months. (Document 39)

The United States contends that with this Court's use of the 20 to 1 ratio and the imposition of a variant sentence, Defendant is not eligible for a further reduction under 18 U.S.C. § 3582(c)(2). (Document 45). The Government argues that under the 2011 Amendments, Defendant's advisory guideline range remains at thirty-seven to forty-six (37-46). (*Id*.) Alternatively, the Government contends that if the Court finds that Defendant is eligible for a reduction, he should not receive one. (*Id*. at 2.)

Defendant, through counsel, does not dispute his advisory guideline range under the 2011 Amendment is the same guideline considered by the Court after application of the 20 to 1 cocaine base/cocaine ratio. However, Defendant argues that "[t]here is only one 'applicable' Guideline

range" in a case and that it is the one determined "after a correct calculation of the Guidelines pursuant to the applicable edition of the Federal Sentencing Guidelines Manual." (Document 46 at 2.) According to the Defendant, any other range used by the court "as an aid . . . in exercising its duties under 18 U.S.C. § 3583(a), does not change that fact." (*Id.*) Defendant argues that his guideline range was that which was calculated prior to the use of the 20 to 1 ratio, or seventy to eighty-seven (70 to 87) months, and that this range changed through the application of the 2011 Amendment. Therefore, he asserts that he is eligible for a reduction. Defendant further argues that this Court, after considering the advisory guideline range provided for by use of the 20 to 1 cocaine base to powder cocaine ratio, "imposed a sentence near the bottom of that alternatively-calculated range" and he now requests a sentence of thirty-seven months imprisonment. In support of his request for a sentence reduction, Defendant argues that he has incurred only one minor disciplinary infraction since his incarceration. He also contends that he is working toward a GED, participating in the 500-hour residential drug treatment program and working while incarcerated to complete the inmate financial responsibility program.

Applying the 2011 amendments to the Sentencing Guidelines, the Guidelines provide for a base offense level of eighteen (18) and a total offense level of fifteen (15). Given a total offense level of fifteen and a criminal history category V, the amended guideline range is thirty-seven to forty-six (37 to 46) months.[1]

At the time of the original sentence in this matter, over two years ago, the Court considered this applicable advisory guideline range and found that a term of imprisonment of forty (40) months

---

[1] As noted above, this amended guideline range is the same range established by this Court's previous rejection of the cocaine powder and crack cocaine and considered by the Court during Defendant's original sentencing.

was warranted to satisfy the goals of Section 3553(a). In this instance, upon consideration of the Section 3553(a) factors, the goals of sentencing, public safety considerations and Defendant's post-sentencing conduct, the Court maintains its finding that such a sentence is warranted. The Court has considered the relatively small quantity of drugs involved in this case. The Court has also considered this Defendant's long history of criminal conduct that includes two misdemeanor convictions for possession of a controlled substance, three convictions for fleeing, one conviction for carrying a dangerous weapon, one conviction for shoplifting, one conviction for battery on a police officer and several convictions for traffic offenses that included driving without a license and no proof of insurance. This string of convictions demonstrates Defendant's lack of respect for the law. The offense of conviction occurred while Defendant was serving a term of probation. At the time of sentencing, Defendant had several charges active and outstanding in Winston-Salem, North Carolina. This Court has, again, considered the Defendant's history and characteristics, including his childhood, educational level and substance abuse history. The Court has also considered the Defendant's efforts to treat his substance abuse illness and to obtain a GED. The Court observes that Defendant has received only one disciplinary infraction, for stealing or taking two meals during one meal period, in December 2010. After careful consideration of all relevant factors, the Court finds that the original sentence imposed in this case is sufficient, but not greater than necessary to accomplish the goals of sentencing.

For the reasons set forth above, the Court **FINDS** that a reduction is not warranted in this case and **ORDERS** that Defendant's request for a sentence of thirty-seven months of imprisonment pursuant to 18 U.S.C. § 3582 be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 1, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA